**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4723**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS JUSTIN BOWERS,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:14-cr-00038-RLV-DSC-1)

Submitted: May 12, 2016           Decided: May 23, 2016

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James S. Weidner, Jr., LAW OFFICE OF JAMES STEPHENS WEIDNER, JR., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Justin Bowers pled guilty in accordance with a written plea agreement to conspiracy to distribute and to possess with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), 846 (2012). The parties stipulated that Bowers was responsible for at least 280 grams but less than 840 grams of the drug. Bowers' Guidelines sentencing range was 140-175 months. The district court granted the Government's motion for downward departure based on Bowers' substantial assistance[*] and sentenced Bowers to 120 months in prison. Bowers now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of the sentence, but concluding that there are no meritorious issues for appeal. Bowers was advised of the right to file a pro se brief but has not filed such a brief. We affirm.

After careful consideration of the record, we conclude that the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors and the arguments of the parties, and provided a sufficiently individualized assessment based on the facts of the case. Bowers' claim that his sentence is greater than statutorily authorized lacks merit: he received the statutory minimum

[*] U.S. Sentencing Guidelines Manual § 5K1.1 (2014).

sentence of 120 months.  See 21 U.S.C. § 841(b)(1)(A).  Further, there is no merit to Bowers' contention that that his criminal history score was incorrectly calculated.  We therefore conclude that the 120-month sentence is procedurally reasonable.  Additionally, given the totality of the circumstances, the sentence is substantively reasonable.  See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  Accordingly, we affirm the district court's judgment.  This court requires that counsel inform Bowers, in writing, of the right to petition the Supreme Court of the United States for further review.  If Bowers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bowers.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3